IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DARRELL WELLS,

    Plaintiff,

v.                                                Civ. No. 02-0185 RLP/RHS

US FOODSERVICE, INC., *et al.*,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This is a diversity case seeking damages for personal injuries, fraud and prima facie tort. Before the court is Defendants[1] US Foodservice, Inc., and John Does I and II Motion for Summary Judgment, brought pursuant to Fed.R.Civ.P. 56.  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

    The material facts are undisputed. Plaintiff is an employee of US Foodservice, Inc. (the "employer" or the "Company").  John Does I and II are Texas employees of the Company.  On February 16, 1999 Plaintiff drove a Company truck-trailer rig from Albuquerque to Santa Fe, New Mexico. The trailer had been loaded by John Doe II in Lubbock Texas and driven to New Mexico by John Doe I.  Upon arriving at his delivery stop, Plaintiff opened the rear door of the trailer and several cases of Tobasco sauce fell

---

[1] Defendants USF&G and St. Paul Companies were dismissed from this case by order of the court on April 2, 2003 [Doc. 44].

to the ground. Complaint, ¶¶ 12-16. The following paragraphs from Defendants' Motion are undisputed by Plaintiff:

> Even at this point, [Plaintiff] did not re-stack the load or otherwise take steps to secure it. Instead, he commenced deliveries in and out of Piñon Hills, delivering some boxes that had spilled on the ground and also climbing in and out of the trailer to retrieve and deliver other boxes of products. [Record citations omitted.]
>
> [Plaintiff] alleges that at some point, after he had delivered a large quantity of the order to Piñon Hills, he was leaning over to pick up a box from the ground when a case of [T]obasco sauce fell from the top of the load in the truck and st[r]uck him in the back, injuring his back. [Record citations omitted.]

Memorandum Brief in Support of Defendants' Motion for Summary Judgment, ¶¶ 14-15, [Doc. 37].

The legal issue presented is whether Plaintiff may sue in tort or whether the New Mexico Workers' Compensation Act (the "Act"), NMSA (1978) §§ 52-1-1 *et. seq.*, provides his exclusive remedy. In *Delgado v. Phelps Dodge Chino, Inc.*, 34 P.3d 1148 (N.M. 2001), the New Mexico Supreme Court held that "when an employer intentionally inflicts or willfully causes a worker to suffer an injury that would otherwise be exclusively compensable under the Act, that employer may not enjoy the benefits of exclusivity, and the injured worker may sue in tort." *Id.* at 1155-56.

An "accident" is defined as "an unlooked-for mishap or some untoward event that is not expected or designed." *Delgado*, 34 P.3d at 1153 (citation and internal quotation marks omitted). The *Delgado* court held that

> willfulness renders a worker's injury non-accidental, and therefore outside the scope of the Act, when: (1) the worker or employer engages in an intentional act or omission, without

> just cause or excuse, that is reasonably expected to result in the injury suffered by the worker; (2) the worker or employer expects the intentional act or omission to result in the injury, or has utterly disregarded the consequences; and (3) the intentional act or omission proximately causes the injury.

*Id.* at 1156.

Element one is an objective test: whether a reasonable person would have expected the injury to flow from the intentional act or omission. *Id.* Element two is subjective and is satisfied when either consequences were not considered or considered and rejected. *Id.* The court cautioned, however, that it is not enough to show the employer "considered the consequences and negligently failed to expect the worker's injury to be among them." *Id.* In sum, the Act no longer protects employers or employees from intentional torts which proximately cause injury. *Id.*

In support of his position that the Company's actions were "willful," Plaintiff cites to various provisions in the Code of Federal Regulations, Title 49. These provisions, 49 C.F.R. §§ 393.100 *et seq.* concern the securing of cargo in vehicles to prevent the loads from, *inter alia*, shifting. Plaintiff contends that the failure of John Does I and II to secure the load in keeping with these provisions constitutes "willful' and "intentional" actions, allowing him to sue in tort.

The court finds that the chain of events leading to the case of Tobasco sauce falling on Plaintiff's back are not the type of willful and intentional acts contemplated by the *Delgado* court. At most, the acts complained of are merely negligent and do not place Plaintiff's injury outside of the Act. Moreover, it cannot be said on the record submitted that any actions on the part of Defendants proximately caused Plaintiff's injuries. That is,

3

there is no evidence that even if the load had been secured his injury would not have occurred. The undisputed facts show that Plaintiff had been removing cases and delivering them to Piñon Hills before the case fell on his back. Even viewed in the light most favorable to the Plaintiff, as the nonmoving party, that scenario is insufficient to establish proximate cause. Because of this disposition, the court does not address the other grounds raised by Defendants.

As a final matter, Plaintiff has filed a Motion for Leave to File Surreply. Plaintiff's Motion, however, fails to assert the grounds for this Motion and so the Motion is denied.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendants' Motion for Summary Judgment [Doc. 36] is granted;

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Surreply [Doc. 46] is denied; and

IT IS FURTHER ORDERED that this case is dismissed with prejudice.

IT IS SO ORDERED.

                                                       Richard L. Puglisi
                                        United States Magistrate Judge
                                          (Sitting by designation)

For the Plaintiff:    Stephen E. McIlwain, Esq.

For the Defendants:  Eleanor K. Bratton, Esq.